89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William R. HARRIS, Individually and as Trustee of the
William R. Harris Trust U/T/D October 18, 1985,
Otto Gago, William Parker and Carolyn
Parker, Plaintiffs-Appellees,
v.
AGRIVEST LIMITED PARTNERSHIP II, a Michigan Limited
Partnership; 4-II Corporation, a Michigan
Corporation; Brian M. Bartley; Jointly
and Severally, Defendants-Appellants.
 
 No. 94-2448.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court granted the plaintiffs' motion for summary judgment. We reverse and remand this action to district court.
 
 I.
 
 2
 Agrivest Limited Partnership II ("Agrivest") is a Michigan limited partnership formed to raise and sell hogs. The plaintiffs were investors that had agreed to purchase limited partnership interests in Agrivest pursuant to the terms of a private offering memorandum ("POM") which provided that all investments made pursuant to the subscription agreements were to be held in escrow until ten limited partnership interests and ten promissory notes were subscribed. Pursuant to the POM, all cash advances were to be returned to the investors, and all subscriptions were to be cancelled if the requisite subscriptions were not obtained by October 15, 1986. Michigan National Bank ("the Bank") subsequently agreed to serve as Agrivest's escrow agent.
 
 
 3
 Agrivest's Managing Partner, Brian M. Bartley, subsequently told the Bank to release the funds that it held in escrow notwithstanding the fact that Agrivest was not yet fully subscribed. The Bank complied with Bartley's directive and Agrivest commenced operations. After suffering financial losses when the hog market collapsed, the plaintiffs commenced this action on April 23, 1991, seeking rescission. Specifically, the plaintiffs alleged, inter alia, that the defendants violated section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and related Rules 10b-5 and 10b-9, 17 C.F.R. §§ 240.10b-5 and 240.10b-9, by failing to return the plaintiffs' investments on October 15, 1986, the POM deadline for satisfying the full subscription requirement.
 
 
 4
 On September 16, 1993, the plaintiffs moved for summary judgment. On February 28, 1994, the district court granted plaintiffs' motion after finding that the "all or none" provision for closing the offering was not satisfied when Bartley requested and obtained release of the funds held in escrow:
 
 
 5
 [T]he Court finds that scienter is demonstrated by Bartley's acknowledgement that he knew that the conditions for breaking escrow had not been met at the time he sought ... to break escrow. Proximate cause is established in that the funds would not have been subject to any loss had escrow not been broken. Reliance is demonstrated by the commitment of the funds subject to the contract that included the "all or none" provision. Damages have been established in that there is no dispute that funds invested in Agrivest II were lost....
 
 
 6
 District Court's February 28, 1994, Memorandum Opinion and Order at 4. On November 7, 1994, the district court rescinded the subscription agreements and refunded the plaintiffs' investments. On December 7, 1994, the defendants appealed.
 
 II.
 
 7
 In an "all or none" offering, all money previously committed must be returned to the investors if the offering minimum is not raised and deposited in escrow by a given date. See C.E. Carlson, Inc. v. SEC, 859 F.2d 1429, 1434 (10th Cir.1988) ("Once the part or none representation has been made, it may not be circumvented by transactions primarily designed to create the appearance of a successful offering in order to avoid the refund feature of the offering."); SEC v. Coven, 581 F.2d 1020, 1028-29 (2d Cir.1978) (failure to comply with the terms of an escrow agreement operates as a fraud upon the public), cert. denied, 440 U.S. 950 (1979). Though it appears that Bartley violated federal securities laws by ordering the Bank to release the funds held in escrow in violation of the POM's "all or none" provision, we are troubled by the district court's failure to address two relevant affirmative defenses asserted by the defendants: estoppel and laches.
 
 
 8
 The POM required that Agrivest be fully subscribed by October 15, 1986. The plaintiffs did not file this action until April 23, 1991, following the collapse of the hog market. On appeal, the defendants assert that the plaintiffs knew of the "all or none" violation years before bringing this action but waited to see if their investments would sour before seeking rescission. In fact, the defendants raised the following affirmative defense in their Answer: "Plaintiffs are estopped by their own conduct and the conduct of their agents to complain regarding the details of the subject transaction and their claims are otherwise barred by the equitable doctrine of laches." Answer of Agrivest Defendants at 16. Moreover, the defendants continue to assert these defenses in their appellate brief:
 
 
 9
 Here, each individual Plaintiff knew of Bartley's alleged securities violations for a substantial period of time--in fact, years--prior to the filing of the initial complaint. Plaintiff Harris, through his attorney and tax return preparer, was likely aware as early as late 1986 that less than ten notes had been funded, and in any event, was informed in 1988. As to Plaintiffs William and Carolyn Parker, Bartley had discussed this fact with them as early as 1988. Finally, Plaintiff Gago knew of this fact at some time in 1989. None of the Plaintiffs, from 1986 through the end of 1990, despite their knowledge that not all Notes had been funded, ever expressed any desire to withdraw from the partnership. Notwithstanding this knowledge--or perhaps because they were reaping the benefits of tax write-offs on their individual tax returns for several years--Plaintiffs did not file the present suit until April 23, 1991--5 years after the so-called underfunding, and at least 3 years after most Plaintiffs knew of the purported causative events.
 
 
 10
 Appellants' Brief at 23-24 (emphasis in original) (citations omitted).
 
 
 11
 Though Bartley's conduct apparently violated the "all or none" provision of the POM, the district court failed to address two of the defendants' affirmative defenses: estoppel and laches. Accordingly, we REVERSE the district court's determinations and REMAND this action for further proceedings.